IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOSHUA BURGARD,**

    **Petitioner,**

v.                                     Civil Case No. 13-cv-450-DRH
                                        Criminal Case No. 10-cr-30085-DRH

**UNITED STATES OF AMERICA,**

    **Respondent.**

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

    This matter is before the Court on petitioner Joshua Burgard's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1). Petitioner pleaded guilty to two counts of receiving child pornography in violation of 18 U.S.C. § 2252(a)(2). On direct appeal, petitioner challenged this Court's denial of petitioner's motion to suppress the photographs found on his phone. The Seventh Circuit affirmed the denial and thus the judgment of the Court. *See United States v. Burgard,* 675 F.3d 1029 (7th Cir. 2012). Instantly, petitioner raises various claims of ineffective assistance of counsel.

    Pursuant to Rule 4 of the RULES GOVERNING SECTION 2255 PROCEEDINGS, the Court **ORDERS** the government to file a response to petitioner's motion on or before **June 12, 2013**. The government shall, as part of its response, attach all relevant portions of the record.

Additionally, petitioner requests appointment of counsel. The decision of whether to appoint counsel rests in the discretion of the district court, unless the denial of counsel would result in fundamental unfairness impinging on the petitioner's due process rights. *Winsett v. Washington,* 130 F.3d 269, 281 (7th Cir. 1997); *see* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28."). Furthermore, the Seventh Circuit has noted that "[a] section 2255 proceeding is an independent civil suit for which there is no constitutional right to appointment of counsel." *Oliver v. United States,* 961 F.2d 1339, 1343 (7th Cir. 1992) (citing *Rauter v. United States,* 871 F.2d 693 (7th Cir. 1989)). Petitioner has not given this Court any reason to believe that the interests of justice require the unusual step of appointing counsel for his § 2255 motion. Accordingly, petitioner's request for counsel is **DENIED**.

Finally, as to petitioner's request for an evidentiary hearing, the Court defers ruling on petitioner's request until such time as the record is better developed.

**IT IS SO ORDERED.**

Signed this 13th day of May, 2013.

David R. Herndon
2013.05.13
15:37:52 -05'00'

**Chief Judge**
**United States District Judge**