IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSHUA BURGARD,

Petitioner,

Civil Case No. 13-cv-450-DRH

v.                                      Criminal Case No. 10-cr-30085-DRH

UNITED STATES OF AMERICA,

Respondent.

**MEMORANDUM and ORDER**

HERNDON, District Judge:

## I.   Introduction

This matter is before the Court on petitioner Joshua Burgard's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1). In his § 2255 petition, Burgard brings an array of arguments seeking relief, all of which are centered on claims of ineffective assistance of counsel. Burgard essentially claims that his attorneys were ineffective at both the sentencing and appeal of his criminal case. The government filed its response in opposition of Burgard's § 2255 petition (Doc. 4). Thereafter, petitioner sought leave to amend his petition (Doc. 9), to which the government opposed (Doc. 11). For the following reasons, petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is denied[1].

---

[1]Having examined the record, the Court concludes Burgard's claims do not warrant an evidentiary hearing. See *Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002)

## II.   Background

On May 19, 2010, a grand jury returned a two-count indictment charging that on or between December 1, 2009, and January 30, 2010, Joshua Burgard knowingly received and attempted to receive visual depictions of minors engaging in sexually explicit conduct (*United States v. Burgard*, 10-cr-30085-DRH[2], (Doc. 39) (Doc. 1)). On February 18, 2011, pursuant to Title 18, United States Code, Section 2252(a)(2), Burgard entered a conditional plea of guilty to counts 1 and 2 of the indictment before Magistrate Judge Stephen C. Williams (Cr. Doc. 39). His conditional plea reserved his right to appeal the order denying the motion to suppress evidence found on his cell phone. On April 4, 2011, the Court sentenced Burgard to 210 months on each of counts 1 and 2, to run concurrently (Cr. Doc. 47). On direct appeal, Burgard challenged only this Court's denial of his motion to suppress the photographs found on his phone. The Seventh Circuit affirmed the denial and thus the judgment of the Court. *See United States v. Burgard,* 675 F.3d 1029 (7th Cir. 2012).

---

("for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner [has] actual proof of the allegations going beyond mere unsupported assertions"); *Menzer v. United States*, 200 F.3d 1000, 1005 (7th Cir. 2000) (held that a hearing not required where the record conclusively demonstrates that defendant is not entitled to relief on § 2255 motion; *Cooper v. United States*, 378 F.3d 638, 641; see also Rules 4(b) and 8(a) of Rules Governing Section 2255 Proceedings). Additionally, as noted in the Court's previous Order (Doc. 2), because a motion under § 2255 is a civil proceeding, a petitioner does not have a constitutional right to counsel. *Rauter v. United States*, 871 F.2d 693, 695 (7th Cir.1989). In light of the fact that Burgard's claims do not warrant a hearing, the Court is not obligated to appoint counsel. *Id.* at 695–96.

[2] Further reference to Burgard's criminal docket in this order will include "Cr. Doc." prior to the document number to differential from his civil habeas case filings.

Thereafter Burgard filed a collateral attack on his sentence pursuant to 28 U.S.C. § 2255, in which he raises various claims of ineffective assistance of counsel. Specifically, Burgard argues that his trial and appellate counsel were ineffective because (1) both counsel failed to argue that the district courted erred in applying an enhancement to his base offense level, (2) both counsel failed to argue that the district court erred in applying a cross reference that increased his base offense level, (3) his appellate counsel failed to argue that the district court erred in treating the sentencing guideline as presumptively reasonable, (4) his trial counsel advised him against addressing the court at sentencing, and (5) his trial counsel told him that he would receive a lesser sentence if he pled guilty. Additionally, following the Seventh Circuit's decision in *United States v. Harden*, 758 F.3d 886 (7th Cir. 2014), Burgard sought leave to amend his §2255 petition to include a *Harden* claim (Doc. 9).

### III.   <u>Law</u>

A prisoner may move to vacate, set aside or correct his sentence if he claims "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).

"[R]elief under § 2255 is an extraordinary remedy because it asks the district court to essentially reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007). Thus, relief under Section 2255 is "reserved for

extraordinary situations," *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993)), and "is available when a 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum allowed by law, or it is otherwise subject to collateral attack." *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008)(quoting 28 U.S.C. § 2255).

Therefore, unless a movant demonstrates changed circumstances in fact or law, he may not raise issues already decided on direct appeal. *Olmstead v. United States,* 55 F.3d 316, 319 (7th Cir. 1995).   Further, a petitioner cannot raise constitutional issues that he could have, but did not directly appeal, unless he shows good cause for, and actual prejudice from, his failure to raise them on appeal, or unless failure to consider the claim would result in a fundamental miscarriage of justice. *Bousley v. United States,* 523 U.S. 614, 622 (1998); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977); *Fountain v. United States,* 211 F.3d 429, 433 (7th Cir. 2000). Likewise, a Section 2255 motion cannot pursue non-constitutional issues that were not raised on direct appeal regardless of cause and prejudice. *Lanier v. United States,* 220 F.3d 833, 842 (7th Cir. 2000). The only way such issues could be heard in the Section 2255 context is if the alleged error of law represents "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

Burgard raises various claims alleging ineffective assistance of counsel. Because claims of ineffective assistance of counsel usually involve evidence

outside of the trial record, such claims may be brought for the first time in a Section 2255 motion. See *Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. James*, 635 F.3d 909, 916 (7th Cir.2011). A petitioner bears a heavy burden to establish ineffective assistance of counsel. *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995). These claims are evaluated under the two-prong *Strickland* test. *McDowell v. Kingston*, 497 F.3d 757, 761 (7th Cir. 2007)(citing *Strickland v. Washington*, 466 U.S. 688, 690, 694 (1984)).

In order to succeed on an ineffective assistance of counsel claim under *Strickland*, a petitioner must demonstrate (1) his attorney's performance "fell below an objective standard of reasonableness," and (2) that counsel's deficient performance prejudiced the petitioner in such a way that, but for counsel's errors, the result of the proceedings would have been different. *Strickland,* 466 U.S. at 695 (1984). The Court is not required to analyze both the performance and prejudice prong, because the failure to satisfy either prong is fatal to the claim. *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993); *United States v. Slaughter*, 900 F.2d 1119, 1124 (7th Cir. 1990).

To satisfy the first prong, "the Court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland,* 466 U.S. at 690. "The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011). To

satisfy the second prong, a petitioner must demonstrate to a "reasonable probability" that without the unprofessional errors, the outcome of the proceeding would have been different. *McElvaney v. Pollard,* 735 F.3d 528, 533 (7th Cir. 2013). A district court's analysis begins with a "strong presumption that the defendant's attorney rendered adequate representation of his client." *United States v. Meyer*, 234 F.3d 319, 325 (7th Cir. 2000). Thus, a petitioner must overcome a heavy burden to prove that his attorney was constitutionally deficient. *Shell v. United States*, 448 F.3d 951, 955 (7th Cir. 2006). In order to establish that counsel's performance was deficient, the defendant must show errors so serious that "counsel was not functioning as the 'counsel' guaranteed to the defendant by the Sixth Amendment." *Atkins v. Zenk*, 667 F.3d 939, 944 (7th Cir. 2012).

## IV.   <u>Argument</u>

### a.  *Motion to Amend (Doc. 9)*

The Court must first address petitioner's pending motion to amend his Section 2255 petition (Doc. 9). Specifically, Burgard seeks to amend his petition to include an argument that his conviction should be vacated because his plea was improperly taken by a United States Magistrate Judge. Specifically, Burgard seeks to add an argument that United States Magistrate Judge who took his plea lacked statutory authority to take felony guilty pleas, based on the Seventh Circuit's decision in *United States v. Harden*. 758 F.3d 886 (7th Cir.2014). The

government opposes such an amendment arguing that Burgard's untimely motion to amend his § 2255 should be denied.

A district court may properly deny a motion for leave to amend "when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or *when the amendment would be futile*." *Bethany Pharmacal, Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir.2001)(emphasis added); *Johnson v. United States*, 196 F.3d 802, 805-06 (7th Cir.1999). Failure to raise an issue available at the time of appeal, forfeits the claim during a future collateral attack. See 28 U.S.C. § 2255; *Belford v. United States*, 975 F.2d 310, 313 (7th Cir.1992), overruled on other grounds by *Castellanos v. United States*, 26 F.3d 717 (7th Cir.1997)(A Section 2255 petition cannot raise nonconsitutional issues that could have been but were not raised on direct appeal); *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir.1997)("Nonconstitutional claims like this one, which could have been raised on direct appeal but were not, are deemed waived even without taking cause and prejudice into account.").

Although the Seventh Circuit Court of Appeals has recognized Section 2255 as the proper vehicle for bringing Burgard's *Harden* claim, opposed to his previously denied motion to withdraw his guilty plea, filed after his sentence was imposed *United States v. Burgard*, Appeal No. 14–3374 (7th Cir. 2015), the Court notes that Burgard exhausted his direct appeal without raising the *Harden* issue until now. See *United States v. Burgard*, 675 F.3d 1029 (7th Cir.2012) cert. denied, 133 S.Ct. 183, 184 L.Ed.2d 92 (2012). With Burgard barred from seeking

such relief in his § 2255 petition, an amendment to include such a claim would be futile at this juncture. [3]

The *Harden* opinion is premised on longstanding Supreme Court precedents that were available to Burgard at the time he filed his appeal. See, e.g., *Peretz v. United States*, 501 U.S. 923, 931–33 (1991); *Johnson v. Ohio*, 419 U.S. 924, 925 (1974); *Brady v. United States*, 397 U.S. 742, 748 (1970). In this case, unlike *Harden*, Burgard did not raise this issue, or the circumstances surrounding his plea before a magistrate, with the Seventh Circuit Court of Appeals. Instead, Burgard appealed the denial of his motion to suppress evidence entered by this Court on February 2, 2011 (Cr. Doc. 50), without mention of his plea before Magistrate Judge Williams.  As a result, the Court finds that Burgard waived this issue during his collateral attack.

Furthermore, even if Burgard had alleged the *Harden* violation in his original § 2255, he still waived the issue—as it was ripe at the time of his direct appeal, but not raised at that time— thus barring relief during Burgard's collateral attack. For that reason, an amendment to add a forfeited claim would be futile. [4] See *Continental Bank, N.A. v. Meyer,* 10 F.3d 1293, 1297 (7th Cir.1993) (failure

---

[3] The *Harden* court evaded the constitutional claim in their opinion. The court specifically stated: "We need not reach Harden's constitutional claim, alleging a magistrate judge's acceptance of a felony guilty plea violates the structural guarantees of Article III, because the statutory violation is clear." *United States v Harden*, 758 F.3d 886, 891 (7th Cir. 2014).

[4] In further support of the futility of Burgard's proposed amendment to include a *Harden* violation in his § 2255 petition, this Court notes that it has previously denied *Harden* claims in two prior cases where petitioners filed motions to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255. See *Washington v. United States*, No. 14-933-DRH, 2015 WL 5568396 (S.D. Ill. Sept. 21, 2015); *Chaney v. United States*, No. 15-0461-DRH, 2015 WL 5467628 (S.D. Ill. Sept. 17, 2015).

to move to amend complaint until 25 months had passed, when the basis for the amendment was present at the time of filing the complaint and would have forced the nonmoving party to conduct discovery, constituted undue delay); *Johnson*, 196 F.3d at, 805-06 (7th Cir.1999). Accordingly, Burgard's motion to amend his § 2255 is **DENIED**. The Court now turns to the pending § 2255.

### b. §2255 Petition (Doc. 1)

In the instant case, Burgard has clearly not met his burden under either prong of *Strickland*. The Court cannot say that Burgard's attorneys significantly prejudiced Burgard or that their representation fell below the objective standard of reasonableness at any stage of their representation. Additionally, the Court cannot say that the errors alleged by Burgard would have changed the outcome of the proceedings. Moreover, to reiterate the laws of this Circuit, the Court begins its analysis of an ineffective assistance of counsel claim with a "strong presumption that the defendant's attorney rendered adequate representation of his client." *Meyer*, 234 F.3d at 325.

### i. Petitioner's Attorneys Were Not Ineffective for Failing to Object to the Application of Sentencing Guideline § 2G2.1(b)(2)(A) and 2G2.2(c)(1).

Petitioner Burgard's first grounds for relief are based on his assertions of ineffective performance by his attorneys surrounding Burgard's sentencing and appeal proceedings. Specifically Burgard alleges that defense and appellate counsel failed to object to the application of Sentencing Guideline § 2G2.1(b)(2)(A) and 2G2.2(c)(1).

Burgard has clearly not met his burden under either prong of *Strickland* as to his ineffective assistance of counsel claims for failure to raise his specific guideline-related arguments.  Counsel's representation is assessed as a whole.  *See Peoples v. United States, 403 F.3d 844, 848 (7th Cir. 2005)*. Burgard believes the arguments he sets forth pertaining to his specific intent surrounding the receipt of the sexual images of B.W. and A.S. would prove the § 2G2.1(b)(2)(A) and 2G2.2(c)(1) enhancements inapplicable, and that would have been more successful than those arguments his counsel pursued. Specifically, Burgard argues:

> "There is NO evidence produced either at sentencing or the plea hearing that Petitioner solicited or caused his underage females to produce sexually explicit images that he was convicted of receiving. There is NO evidence produced at the plea hearing or at sentencing of Petitioner's motivation, intent or purpose."

(Doc. 1, p. 10). A Section 2255 motion is not a substitute for a direct criminal appeal nor is it a means by which a defendant may appeal the same claims a second time. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir.2007)(Section 2255 motion is "neither recapitulation of nor a substitute for a direct appeal.")(citation omitted). As such, by not raising these claims on direct appeal, they are barred from the Court's collateral review unless Burgard can demonstrate cause for the procedural default and actual prejudice from the failure to appeal. See *Sandoval v. United States*, 574 F.3d 847, 850-51 (7th Cir. 2009). The record establishes that Burgard did not object to the overall applicability of the sentencing guideline enhancements. Thus Burgard 's claim

that the guideline enhancements were inapplicable or that the Court's application was unconstitutional is procedurally defaulted.

Even if the claim were not procedurally defaulted, Petitioner's claims would fail on the merits because the Court did consider all relevant factors before applying the § 2G2.1(b)(2)(A) and 2G2.2(c)(1) enhancements. The Court ultimately found ample evidence in the record to support that Burgard did persuade the minor victims to engage in sexually explicit conduct for the purposes of producing a visual depiction of such conduct. Therefore, Burgard's claim of ineffective assistance of counsel fails.

Subsection (c) of § 2G2.2 provides:

> If the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, apply §2G2.1 (Sexually Exploiting a Minor by Production of Sexually Explicit Visual or Printed Material; Custodian Permitting Minor to Engage in Sexually Explicit Conduct; Advertisement for Minors to Engage in Production), if the resulting offense level is greater than that determined above.

In support of the cross-reference, the government referenced Burgard's January 14, 2010, interview with Federal Bureau of Investigations Cybercrimes Task Force Agent Mark Krug in its sentencing memorandum. The memorandum states that during the interview, "*[Burgard] admitted that he asked B.W. to send naked photos of herself to his cell phone* and that she complied with said request. He also admitted that in return, he sent her an image of his penis. Burgard further told Krug that he also asked A.S. to send naked photographs. He further

admitted to having sex with a girl named S.P. when she was 14 years old." (Cr.Doc. 42, p. 2). That same information is also reported in Burgard's Presentence Report (Cr.Doc. 41, ¶10) and was presented on the record at Burgard's change of plea (Doc. 4-1 pp. 19-22). Burgard admitted to the conduct described while under oath during his change of plea (*Id.* at pp. 22-23). Additionally, Burgard admitted that "he had an email account . . . in which he sent several pictures to his account to keep as "trophies" during the summer months." (*Id.*) Therefore, not only did Burgard admit that he solicited the images from the young girls, which his victims corroborated during their interviews, but Burgard reciprocated by sending images of his genitals in return. He also admitted to having a sexual relationship with victim B.W., while she was 12 years of age.

Burgard relies on *United States v. Crandon*, 173 F.3d 122, 129 (3d Cir. 1999), to support the argument that some inquiry should have been made into his purpose, motivation or intent for obtaining the photos from his victims prior to the Court's assessment of the applicability of the cross-reference. The Court finds Burgard's reliance on Crandon to be misguided. In *Crandon*, the district court failed entirely to consider the defendant's purpose or state of mind when applying a cross-reference, essentially holding the defendant liable solely based on the existence of the photos. On appeal, the court held that it was not enough to simply say that the photos speak for themselves. Rather, because the guideline referred to the defendant's purpose in taking the photograph, the court must ascertain

whether the defendant's purpose was to create pornographic pictures. *Crandon*, 13 F.3d at 129. In *United States v. Veazey*, the Seventh Circuit held that the § 2G2.1 cross-reference applies when one of the defendant's purposes was to create a visual depiction of sexually explicit conduct, without regard to whether that purpose was the primary motivation of the defendant's conduct. Because one of Burgard's purposes was to persuade a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct—which he admitted to under oath— the cross-reference was properly applied. Therefore, defense and appellate counsel were not ineffective for failing to object to the offense level.

As to Burgard's claim that his attorneys failed to object to the application of Sentencing Guideline § 2G2.1(b)(2)(A), that claim also fails. Section 2G2.1(b)(2)(A) provides a two-level enhancement if the "offense involved ... the commission of a sexual act or sexual contact." Those terms are defined to include sexual intercourse, oral sex, and the intentional touching, either directly or through the clothing, of private areas with the intent to arouse or gratify the sexual desire of any person. See U.S.S.G. § 2G2.1 cmt. 2 (defining "sexual act" and "sexual contact" by reference to 18 U.S.C. § 2246). While "sexual act" requires that an image depict the touching "of another person," 18 U.S.C. § 2246(b)(2), "sexual contact" requires only that the image depict the touching "of *any* person," *id.* § 2246(b)(3) (emphasis added). Accordingly, the conduct depicted in the photographs  taken from Burgard's phone unambiguously qualifies as "sexual

contact." The photos were described as including lewd and lascivious exhibition of the female genitals and minors engaging in sexually explicit conduct, including masturbation. Therefore, defense counsel was not ineffective for failing to object to the offense level at sentencing.

In this Court's opinion, effective assistance generally requires focus on the strongest arguments available. It does not require inundating the courts with every possible mutation of a given argument. Burgard's counsel made various arguments for a downward variance in his sentence and argued that he had no prior history of this type of sexual behavior. The fact that counsel did not object to the cross-references does not qualify as ineffective assistance of counsel under either prong of *Strickland*. Ultimately, however, because Burgard's claims regarding § 2G2.1(b)(2)(A) and 2G2.2(c)(1) do not present a constitutional issue, and because petitioner did not raise these issues on direct appeal, he is now procedurally barred from doing so. See *Belford*, 975 F.2d at 313. Accordingly, Burgard's first and second grounds for relief, as to both his sentencing and appellate counsel, are denied.

### ii. Petitioner's Attorneys Were Not Ineffective for Failing to Argue that the District Court Treated the Sentencing Guidelines as Presumptively Reasonable and Appropriate

Burgard's next argument alleges that his counsel's failure to object to this Court's treatment of the sentencing guidelines as presumptively reasonable was deficient performance. This claim is meritless. Contrary to Burgard's position, there is nothing on the record that indicates that this Court treated the sentencing

guidelines as presumptively reasonable. The Court properly calculated Burgard's sentence and explained its decision to impose the concurrent, within-Guidelines sentence of 210 months imprisonment. Specifically, the Court stated that it considered "all the information in the presentence report, including the guideline computations and the factors set forth in 18 United States Code, Section 3553(a)." (Cr. Doc. 56, p. 23). The Court explicitly went through the 3553(a) factors at sentencing and noted that "there's not a tremendous difference between the guideline sentence and the upper end of the statutory range" in this case. (*Id.* at 22). However, based on the factors discussed at sentencing, the Court found that "a guideline sentence in this case would adequately address the crimes that have been committed." Moreover, the fact that the Court did not treat the sentencing guidelines as presumptively reasonable is evidenced by the Court's calling into question of a guideline sentence close to the statutory maximum. It first weighed the necessary factors, in no way taking it lightly that the suggested guideline sentence was toward toe top of the statutory range, before ultimately determining "the Commission got it right" (Cr. Doc. 56, p. 22).

Burgard improperly interprets the Court's language in his petition to be a presumption of reasonableness. The highlighted passage simply means that the Court accepted the advice of the commission, and nothing more. He quotes the Court as stating:

> There's not a tremendous difference between the guideline sentence and the upper end of the statutory range, but I believe a guideline sentence in this case would adequately address the crimes that have been committed. I believe the Commission got it right, I

> believe their advice is sound, and it's my intention to impose a guideline sentence. I believe the rationale utilized by the Government in their recommendation is sound. I intend to impose a 210-month sentence.

(Id.). This quotation cannot be interpreted as this Court's presumption of reasonableness of a guideline sentence. Instead, the Court notes that even though the Sentencing Commission's advice places Burgard's sentence close to the statutory maximum, given the applicable factors in this case, the Court deems that to be the correct sentence. In no way does this indicate that the district court treated the sentencing guidelines as presumptively reasonable.

Accordingly Burgard fails to show how the district court's treatment of the sentencing guidelines was a presumption of reasonableness.  Therefore the claims of ineffective assistance of counsel as to both his sentencing and appellate counsel are denied.

### iii.   Petitioner's Trial Attorney Was Not Ineffective for Failing to Allow Him the Right to Allocution Prior to Sentencing

Burgard next claims his appointed counsel, Renee E. Schooley was ineffective for failing to allow him to make a statement of allocution prior to sentencing. The government highlights that the denial of the right to allocution is not a constitutional error that can be raised through a § 2255 motion. *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). They are correct. Burgard's claims that Ms. Schooley did not allow him to make a statement of allocution does not present a constitutional issue, and because

Burgard did not raise that issues on his direct appeal, he is now procedurally barred from doing so. See *Belford*, 975 F.2d at 313.

However, even if the claim was not procedurally defaulted, it would still fail on the merits. The record reveals that at the sentencing proceeding, Judge Herndon, Renee Schooley and Burgard engaged in the following exchange:

> THE COURT: Mr. Burgard, would you like to talk to me before I decide what to do, sir?
>
> MR. BURGARD: May I talk with my attorney for a second, please?
>
> THE COURT: Absolutely.
> (off the record)
>      ****
> MS. SCHOOLEY: Judge, he does not want to address  the Court, but he would ask that I just let the Court know that he intends to get back on his medication, continue on the medication, obtain his GED, and his goal is to be a mechanic, to work on cars. He really enjoys working on cars.

(Cr. Doc. 56, p. 16). In response to the Court's inquiry regarding Burgard's wish to make a statement or present information in mitigation of his sentence, he chose not to speak after conferring with his attorney. Nothing in the record indicates prejudice based on Ms. Schooley's advice not to speak. It was her role as defense counsel to advise her client, and it was a reasonable strategy for counsel to advise against allocution if she believed it would not aid her client's case.

Burgard was not under any obligation to take the advice Ms. Schooley offered. He could have accepted the judge's invitation to speak before the Court and ignore his attorney's advice. Nothing about her advice was binding. For this reason counsel's performance was not deficient and Burgard fails to establish the requisite prejudice based on his trial attorney's alleged ineffectiveness. Therefore,

Burgard's claim of ineffective assistance of counsel for failing to allow him to make a statement of allocution is denied.

> iv.     **Petitioner's Trial Attorney Was Not Ineffective for Failing to Advise Him of the Length of His Sentence if He Chose to Plead Guilty.**

Lastly, Burgard claims his appointed counsel, Ms. Schooley, was ineffective because she misinformed Burgard about the length of his potential sentence if he pled guilty. Specifically, Burgard claims that Schooley told him that by pleading guilty, "his final offense level should be no more than 28 with a sentencing guideline range of 78-97 months" (Doc. 1, p. 20).

In the plea bargaining context, the Supreme Court found in *Hill v. Lockhart*, that showing a reasonable probability that but for counsel's errors, the defendant "would not have pleaded guilty and would have insisted on going to trial" satisfies the prejudice element of the *Strickland* test. 474 U.S. 52, 59, (1985). However, in this case, Burgard never asserts that he would have proceeded to trial if he was aware of the potential sentence he would receive by pleading guilty to his crimes.

When assessing defense counsel's performance, the Seventh Circuit has stated that "a reasonably competent lawyer will attempt to learn all of the relevant facts of the case, make an estimate of a likely sentence, and communicate the results of that analysis to the client before allowing the client to plead guilty." *Bethel v. United States*, 458 F.3d 711, 717 (7th Cir. 2006)(citing *Moore v. Bryant*, 348 F.3d 238, 240 (7th Cir. 2003). "Because many questions about the facts and how a court or jury will apply the law to those facts cannot be answered by

counsel with certitude, "[w]aiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts."" *Bethel*, 458 F.3d at 717 (citing *McMann v. Richardson*, 397 U.S. 759, 770 (1970)).

As the Seventh Circuit reiterates in *Bethel*, the fact that Ms. Schooley miscalculated Burgard's sentencing range is not proof of ineffective assistance of counsel in itself. 458 F.3d at 717. "The salient question is whether counsel undertook a good-faith effort to determine the applicable facts and estimate the sentence. An inaccurate prediction of a sentence alone is not enough to meet the standard." *Id.* (citing *United States v. Barnes*, 83 F.3d 934, 939 (7th Cir. 1996)).

Burgard argues that Schooley should have advised him of a possible § 2G2.2(c)(1) cross-reference in his case, and the possibility of a lengthier sentence resulting from its application. However, the record indicates that Ms. Schooley did learn and examine the facts of the case and predicted Burgard's likely sentence based on the applicable guidelines. Specifically, during Burgard's plea colloquy, Magistrate Judge Williams discussed potential sentencing consequences to ensure that Burgard's plea was both knowing and voluntary. Judge Williams and Burgard stated:

> THE COURT: Mr. Burgard, I want to explain to you what the possible penalties are in this case. As to both Counts 1 and 2, the possible penalties are the same. For both counts, there is a minimum penalty of 5 years imprisonment and a maximum penalty of up to 20 years imprisonment, a fine of up to $250,000, or both, and at least 5 years of supervised release. This means that there's a combined maximum penalty of up to 40 years imprisonment and a $500,000 fine. Do you understand the penalties in this case?

MR. BURGARD: Yes, your Honor.

THE COURT: And do you also understand that there is a minimum penalty of 5 years' imprisonment in this case?

MR. BURGARD: Yes, your Honor.

THE COURT: Mr. Burgard, has anyone threatened you or use any force in any way to get you to plead guilty in this case?

MR. BURGARD: No, your Honor.

THE COURT: Has anyone, including your attorney, made any prophesy or promise as to what your sentence will or will not be?

MR. BURGARD: No.

.   .   .

THE COURT: Have you and your lawyer had an opportunity to talk about how the sentencing commission guidelines might apply in your case?

MR. BURGARD: Yes, your Honor.

.   .   .

THE COURT: Have you and your attorney talked about how these statutory factors outside of the guidelines might apply to your case?

MR. BURGARD: Yes, your Honor.

(Doc. 4-1, pp. 13-14). Not only did the magistrate judge explain Burgard's maximum possible punishment under the applicable statutes, but Burgard admitted in open court that his attorney explained the relevant factors and sentencing guidelines, and she made no promises as to what his sentence would be. *Id.* Burgard even acknowledged that he understood the statutory maximum sentence for his crimes was 40 years in prison. *Id.*

Thereafter, Magistrate Judge Williams explained the nature of Burgard's conditional plea, and that aside from appealing the motion to suppress, his plea would be an open plea. Magistrate Judge Williams explained that Burgard's open plea meant that "there are no agreements relating to any recommendations of sentence" in his case. The magistrate judge went on to elaborate that this meant at the time of sentencing, "the government can ask for any sentence within the statutory range in this case, as can your attorney". This would include even the statutory maximum that Burgard was previously educated on. Burgard indicated that he understood the terms of an open plea and what that meant for his sentence. Judge Williams then explicitly told Burgard that no matter what sentence his attorney recommended, the Court was not bound by that recommendation or any type of agreement between the parties.

Moreover, at the time of Burgard's change of plea, on February 18, 2011, two presentence reports had already been completed and reviewed by Burgard. Burgard, himself, alerted the Court to the fact that a PSR had already been completed. (Doc. 4-1, p. 14). At that time, the first revised PSR Burgard mentioned during his plea colloquy actually calculated a total offense level of 38, amounting to an advisory guideline sentencing range of 235-293 months (Cr. Doc. 29, pp. 6-7). That was actually higher than the 210 month sentence imposed in this case. The PSR also included language explicitly discussing the cross reference that Burgard swears his attorney failed to mention to him. The PSR states for both Count 1 and Count 2:

"**Base Offense Level**: The guideline for a violation of 18 U.S.C. § 2252(a)(2) is found in U.S.S.G. § 2G2.2. Pursuant to U.S.S.G. § 2G2.2(c)(1), because the defendant persuaded the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and because the offense level determined under U.S.S.G. § 2G2.1 is greater, U.S.S.G. § 2G2.1 is used to establish a base offense level of 32."

(Cr. Doc. 29, pp. 5&6). That same language appears in each of the three draft of Burgard's PSR that he reviewed in two different places. Thus, based on Burgard's prior review and knowledge of the information in the PSR, the record indicates that Burgard voluntarily pleaded guilty and the alleged misinformation from Ms. Schooley fails to amount to prejudice affecting his case.

Given the strong presumption that Burgard's attorney rendered adequate representation of her client in this case *Meyer*, 234 F.3d at 325, and on the basis of the above, the Court decisively finds that Burgard's argument that Schooley should have advised him of a possible § 2G2.2(c)(1) cross-reference  and lengthier sentence resulting from its application is not indicative of ineffective assistance of counsel. Burgard presents no evidence that the outcome of the proceeding would have been different or that he was prejudiced by the alleged misinformation. Accordingly, Burgard's final ground for relief fails and his motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1) is denied.

## V.   Certificate of Appealability

Under the 2009 Amendments Rule 11(a) of THE RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Thus, the Court must determine whether petitioner's claims warrant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). A *habeas* petitioner does not have an absolute right to appeal a district court's denial of his *habeas* petition; he may appeal only those issues for which a certificate of appealability has been granted.  See *Sandoval v. United States,* 574 F.3d 847, 852 (7th Cir. 2009).

For a court to issue a certificate of appealability, a petitioner must make a "substantial showing of the denial of a constitutional right," meaning, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)); 28 U.S.C. § 2253(c)(2).

As to petitioner's claims, the Court finds that reasonable jurists would not debate that the petition does not present a valid claim of the denial of a constitutional right, or that this Court is barred from reviewing the merits of petitioner's claim. Reasonable jurists could not debate that the petition should have been resolved in a different manner, as petitioner's claims of ineffective assistance of counsel do not present evidence of constitutionally deficient attorney

performance; nor do they demonstrate resulting prejudice.  Therefore, the Court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c).

## VI.    <u>Conclusion</u>

For the reasons as discussed herein, Burgard's motion to amend his § 2255 petition is **DENIED** (Doc. 9). Furthermore, his motion under motion under 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence by person in federal custody is **DENIED** (Doc. 1). Burgard's claims are **DISMISSED with prejudice**. The Court **ORDERS** the Clerk of the Court to enter judgment reflecting the same. Further, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed this 21st day of January, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.01.21 12:02:34 -06'00'

**United States District Judge**